IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARY DEAN WHITE,

    Petitioner,

v.                                          CIVIL ACTION NO. 2:11cv98
                                            (Judge Bailey)

TERRY O'BRIEN,

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On November 21, 2011, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 and tendered the $5.00 filing fee. The petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his sentence. On December 6, 2011, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Therefore, the respondent was ordered to show cause why the writ should not be granted. On February 27, 2012, the respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. On February 28, 2012, a Roseboro Notice was issued, and on March 26, 2012, the petitioner filed a reply.

### II. FACTS

On October 28, 2003, the petitioner was charged in three (3) counts of a nine (9) count indictment in the United States District Court for the Western District of North Carolina with

1

conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. 13-9, p. 1). On that same date, the United States filed a notice of information with the court, pursuant to 21 U.S.C. § 851, setting forth the petitioner's previous state convictions for two felony drug offenses in the Cleveland County North Carolina Superior Court. (Id). On October 6, 2004, the petitioner signed a Plea Agreement in which he agreed to plead guilty to Count One of the indictment with the agreement that the United States would recommend to the court that the quantity of cocaine base known or foreseeable by the petitioner was in excess of 150 grams but less than 500 grams. (Doc. 13-2, p. 2.) The signed plea agreement set forth the statutory sentence for the charge to which the petitioner pleaded – an 8 million dollar fine and a mandatory life sentence, pursuant to 21 U.S.C. § 841(b)(1)(A) and the petitioner's two prior state felony convictions. (Id.). The agreement provided that a motion for substantial assistance pursuant to 18 U.S.C. § 3553(e) was within the sole discretion of the United States.(Doc. 13-2, p. 5). The agreement further provided that the petitioner would not violate any conditions of his pre-trial release. (Doc. 13-2, p. 5). On October 25, 2004, in accordance with the terms of his plea agreement, the petitioner pled guilty to Count One of the Indictment. (Doc. 13-1. p.6).

On August 30, 2005, the United States filed a motion to revoke the petitioner's pre-trial release based on the petitioner's failure to comply with the conditions of his pre-trial release, one failure resulting in the petitioner's arrest on July 18, 2005, by local law enforcement for possession with intent to distribute crack cocaine.(Doc. 13-3, p. 2). The petitioner subsequently filed a motion to withdraw his guilty plea on the grounds he was not provided the opportunity to provide substantial assistance. (Doc. 13-1, p. 7). On November 9, 2006, the district court denied the petitioner's motion to withdraw his guilty plea. (Doc. 13-1, p.10). On July 5, 2007, the petitioner

was sentenced to a term of life imprisonment. (Id.).

The petitioner filed a direct appeal with the Fourth Circuit, challenging the imposition of a life sentence without being given a second opportunity to provide substantial assistance. The Fourth Circuit affirmed his sentence on June 6, 2008. (Doc. 13-5). The petitioner filed a petition for writ of certiorari with the Supreme Court which was denied on October 14, 2008. White v. United States, 555 U.S. 956 (2008).

Following its own motion under 18 U.S.C. § 3582(c)(2), the District Court on August 27, 2009, denied the petitioner a sentence reduction, pursuant to the Crack Cocaine U.S.S.G. Amendment, due to the statutory mandatory minimum sentence of life imprisonment. (Doc. 13-1, p. 12).

On October 15, 2009, the petitioner filed a motion to vacate under 28 U.S.C. section 2255 of law on four grounds. (Doc. 13-1, p. 12). The District Court denied the petitioner's § 2255 motion, and subsequently the Fourth Circuit denied a certificate of appealability. (Doc. 13-1, p. 13).

### III. ISSUES PRESENTED

In his pending § 2241 petition, the petitioner raises the following claims for relief:

1. He is actually innocent of violating 21 U.S.C. § 841(b)(1)(a) because the Fair Sentencing Act of 2010 ("FSA") made the offense to which he pled listed in § 841(b)(1)(A) "non–existent." The petitioner claims he should have been sentenced under § 841(b)(1)(B) which currently carries a lesser sentence for his crime of conviction.

2. His state convictions are no longer predicate felony offenses for § 851 enhancement purposes, and therefore, he should not have been sentenced to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A), but rather to a 5-40 year range of incarceration pursuant to § 841(b)(10(B).

For relief, the petitioner seeks to vacate his conviction and sentence and asks to be re-sentenced under the United States Sentencing Guidelines, subject to a 5-40 years statutory range under 21 U.S.C. § 841(b)(10(B); or the petitioner seeks an evidentiary hearing.

In his motion to dismiss or, in the alternative, motion for summary judgment, the respondent argues that this court lacks jurisdiction to hear the petitioner's claims challenging the legality of his conviction or sentence. In addition, the respondent argues that the petitioner procedurally defaulted in his challenge to his predicate offenses and does not show that he is "actually innocent" of the offense of conviction to excuse the procedural default. Moreover, the respondent argues that because the petitioner's motion is a successive petition for which he has not obtained a certificate from the Fourth Circuit permitting its filing, because § 2255(f)(3) does not extend the filing time for a successive petition, and because, in any event, the petitioner's motion was filed more than one year after the Supreme Court's decision in <u>Carachuri-Rosendo</u>, the petitioner's motion should be dismissed. Finally, the respondent argues that should this court determine that the petitioners habeas is properly brought pursuant to § 2241, the petitioner's claim fails.

In reply to the respondent's Motion to Dismiss or for Summary Judgment, the petitioner asks this court to grant his petition due to the reasons and law previously submitted. In the alternative, the petitioner asks this court to hold this matter in abeyance pending the Fourth Circuit's decision in <u>United States v. Powell</u>, No. 11-6152.[2]

### III. STANDARD OF REVIEW

---

[2]The undersigned has been advised that oral arguments in the case were heard on May 18, 2012. The petitioner in that matter states the issue presented as follows: Whether the rule that a prior drug conviction is not a felony if the defendant could not have been sentenced to more than twelve months on it constitutes a substantive rule entitled to retroactive application because it narrowed the scope of a criminal statute and ameliorated a significant risk he would receive a punishment the law could not impose on him.

4

A. **Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v.

Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary

judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986)

## IV. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

The petitioner has not demonstrated that he was convicted of a nonexistent offense based on a retroactively applicable Supreme Court decision. Instead, the petitioner relies on the FSA as it amended 21 U.S.C. § 841(b). More specifically, the petitioner argues that although Jones addressed the retroactivity of a Supreme Court decision, the same inquiry applies to a decision or change in statutory law enacted by Congress. The petitioner argues that the FSA should be applied retroactively even though he acknowledges that courts around the country have concluded that the FSA is not retroactive. The petitioner argues that the FSA did not repeal any statute, but rather, amended 21 U.S.C. § 841(b)(1) for the determination of guilt and punishment for the statute's different subsections. Therefore, the petitioner argues that the savings clause of 1 U.S.C. § 109 does not apply to the FSA, and it is retroactively applicable to all prior cocaine base convictions and sentences. In addition, although he submits that he is actually innocent of violating a specific offense, i.e., 841(b)(a)(A), the petitioner also alleges that he is actually innocent of the enhanced conviction and sentence imposed in his criminal action. The petitioner then relies on United States v. Maybeck, 23 F.3d 888 (4th Cir. 1994) to support his argument that he is entitled to relief from his current conviction and sentence because he is actually innocent of both.

Contrary to the petitioner's argument, however well written it may be, the FSA does not

apply retroactively. This argument is foreclosed by the Fourth Circuit's decision in U.S. v. Ballard,645 F.3d 237 (4th Cir. 2011) (holding that application of the General Savings Statutes does indeed preclude retroactive application of the FSA). Moreover, the petitioner was convicted and sentenced in 2007 for violations of § 841(a)(1) and § 846 whose provisions are identical to the current statutory Code. Although the penalties for various quantities of cocaine base have been modified under the penalty provisions, the crimes to which the petitioner pleaded guilty and for which he was sentenced remain identical then and now. Therefore, even if the petitioner satisfied the first and third elements of Jones, violations of 21 U.S.C. § 841(a)(1) and 846 remain criminal offenses and, therefore, the petitioner cannot satisfy the second element of Jones. Because, the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

Moreover, the petitioner's request that this Court stay ruling on his petition pending the Fourth Circuit decision in the Powell case is meritless. In making this request, the petitioner is supplementing his claim that his state convictions are no longer predicate felony offenses for § 851 enhancement purposes, and therefore, he should not have been sentenced to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A), but rather to a 5-40 year range of incarceration pursuant to § 841(b)(10(B). Again, the petitioner is challenging the imposition of his sentence and not its execution, and he fails to meet the Jones standard. Moreover, even if the petitioner could raise this issue in a § 2241 petition, and the Fourth Circuit rules in Mr. Powell's favor, the petitioner would not be entitled to relief.

Under Carachuri-Rosendo v. Holder, "a prior conviction for a felony drug offense" is a

conviction for which the defendant could have been sentenced to more than one year in prison. United States v. Simmons, 649 F.3d 237, 242 (4th Cir. 2011) (en banc)(quoting Carachuri-Rosendo v. Holder, 130 S.Ct. 2577, 2586-87 (2010). In Powell, the Fourth Circuit has been asked to decide whether the rule announced in Carachuri-Rosendo should be applied retroactively.

As previously noted, the United States filed a notice of information with the sentencing court, pursuant to 21 U.S.C. § 851, setting forth the petitioner's previous state convictions for two felony drug offenses in the Cleveland County North Carolina Superior Court. The first felony offense was a May 6, 1994 possession of cocaine, in violation of North Carolina General Statute No. 90-95(a)(3). (Doc. 13-11). The second felony offense was a November 25, 1996 possession with intent to sell and deliver 5.9 grams of crack cocaine, in violation of North Carolina General Statute No. 90-95(A)(1). (Doc. 13-12). Based on these prior felony convictions, the petitioner was subject to a mandatory term of life imprisonment. The petitioner argues that these two state offense carried 6-10 month sentencing ranges, and therefore, cannot be used as a basis for his § 851 enhancement.

In truth, the first underlying conviction resulted in sentence of two (2) years imprisonment, suspended to twenty-four months probation. However, upon subsequent revocation for probation violation, the suspended sentence of two (2) years was activated. (Doc. 13-11). Therefore, under Carachuri-Rosendo and Simmons, supra, it is a prior conviction for a felony drug conviction The second conviction resulted in a sentence of 8-10 months imprisonment. (Doc. 13-12). However, the maximum sentence for this charge was thirty (30) months incarceration. (Doc. 13-13, p.1). Therefore, because the petitioner could have been sentenced to more than one year, it, too, is a prior conviction for a felony drug offense. Therefore, regardless of the Fourth Circuit's ultimate decision in Powell, the petitioner, had two prior conviction for which he **could** have been sentenced to more

than one year, and the §851 enhancement was mandated.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. 12) be **GRANTED**, and the Petition (Doc. 1) be **DENIED WITH PREJUDICE** .

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston. Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

DATED: 6-7-2012

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE