IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**GARY DEAN WHITE,**

    Petitioner,

v.                                          **CIVIL ACTION NO. 2:11-CV-98**
                                                    **(BAILEY)**

**TERRY O'BRIEN,**
**Warden USP Hazelton,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.**    **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation [Doc. 21] of United States Magistrate Judge David J. Joel. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). The magistrate judge filed his R&R on June 7, 2012. In that filing, the magistrate judge recommends that this Court grant respondent Terry O'Brien's Motion to Dismiss or, in the Alternative, for Summary Judgment and deny and dismiss with prejudice the Gary Dean White's § 2241 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Objections to Magistrate Judge Joel's R&R were due on June 28, 2012. White timely objected on June 20, 2012 [Doc. 23]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&Rs for clear error.

## II.  Procedural History

On October 28, 2003, White was charged in three counts of a nine-count Indictment in the United States District Court for the Western District of North Carolina. Count One charged White with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841 and 846 (2000). Count Five charged White with possession with intent to distribute a detectable amount of cocaine base in violation of 21 U.S.C. § 841 (2000). Count Six charged White with possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841 (2000). The same day, the Government filed an Information Pursuant to Title 21 U.S.C. § 851 setting forth White's two prior felony drug convictions.

On October 25, 2004, White pled guilty pursuant to a written plea agreement to Count One. The signed plea agreement set forth the statutory sentence for the charge to which White pled – a fine of $8 million and a mandatory life sentence, pursuant to 21 U.S.C. § 841(b)(1)(A) and based upon White's two prior state felony convictions.

On August 30, 2005, the Government moved to revoke White's pre-trial release, in part because he was arrested on July 18, 2005, for possession with intent to distribute crack cocaine. The district court issued an arrest warrant the same day.

On April 21, 2006, White moved to withdraw his guilty plea on the grounds that he was not given the opportunity to provide substantial assistance. The district court denied White's motion on November 9, 2006. On July 5, 2007, the district court sentenced White to life in prison.

On appeal to the United States Court of Appeals for the Fourth Circuit, White challenged, *inter alia*, the district court's finding that the Government did not abuse its discretion in denying him a second opportunity to provide substantial assistance following violation of the conditions of his bond and the district court's denial of White's motion to withdraw his guilty plea. By an unpublished *per curiam* Opinion dated June 6, 2008, the Fourth Circuit affirmed. **United States v. White**, 280 Fed.Appx. 317 (4th Cir. 2008). White filed a petition for writ of *certiorari* with the Supreme Court of the United States, which was denied on October 14, 2008. **White v. United States**, 555 U.S. 956 (2008).

On October 9, 2009, White timely filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in the Western District of North Carolina. In his § 2255 petition, White asserted that he received ineffective assistance of counsel during the guilty plea and sentencing phases of his criminal proceedings. With regard to the guilty plea phase, White argued, *inter alia*, that his counsel misinformed him that only one of his prior convictions qualified as a predicate conviction for § 851 purposes. As for the sentencing phase, White similarly argued that counsel was ineffective because he failed

to argue that only one of his prior convictions qualified as a predicate conviction for § 851 purposes. The district court rejected both claims, finding that White's Rule 11 hearing established that he was aware that he faced a mandatory life sentence and that White failed to even identify which prior conviction was erroneously used to increase his sentence. Accordingly, the district court denied White's § 2255 petition on October 26, 2009. *White v. United States*, 2009 WL 3578956 (W.D.N.C. Oct. 26, 2009). The district court denied reconsideration on December 17, 2010. *White v. United States*, 2010 WL 5258061 (W.D.N.C. Dec. 17, 2010). White appealed. However, on July 2, 2011, the Fourth Circuit denied White a certificate of appealability and dismissed his appeal. *United States v. White*, 440 Fed.Appx. 172 (4th Cir. 2011).

On November 21, 2011, White filed the instant Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus [Doc. 1] in this Court from United States Penitentiary Hazelton, located in Bruceton Mills, Preston County, West Virginia. On December 19, 2011, White filed his claims on a court-approved Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 7], which contains two claims for relief. First, White claims that he is actually innocent of violating 28 U.S.C. § 841(b)(1)(A) because the Fair Sentencing Act of 2010 ("FSA") made the offense to which he pled "non-existent." White asserts that he should have been sentenced pursuant to § 841(b)(1)(B), which currently carries a lesser sentence for his crime of conviction. Second, White claims that his prior felony convictions are no longer predicate offenses for § 851 enhancement purposes. Thus, instead of receiving a mandatory life sentence pursuant to § 841(b)(1)(A), White argues that he should have received between 5 and 40 years pursuant to § 841(b)(1)(B). As relief, White seeks to

vacate his conviction and sentence and asks to be re-sentenced under § 841(b)(1)(B).

On October 3, 2012, respondent O'Brien filed a Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 13], arguing that White's § 2241 petition is actually an improperly filed, successive § 2255 petition. On June 7, 2012, Magistrate Judge Joel entered the instant R&R [Doc. 21], recommending that this Court grant O'Brien's motion and deny and dismiss White's § 2241 petition. White objected on June 20, 2012 [Doc. 23]. O'Brien responded on July 5, 2012 [Doc. 24].

### III. Discussion

Upon a *de novo* review of White's § 2241 petition, this Court agrees with the magistrate judge that the same is a § 2255 motion improperly filed pursuant to § 2241.

First, this Court agrees that White's request to be re-sentenced pursuant to 21 U.S.C. § 841(b)(1)(B) concerns the validity of his sentence pursuant to 21 U.S.C. § 841(b)(1)(A), an area reserved for a § 2255 motion. Consequently, White may only proceed pursuant to § 2241 if he can demonstrate that he is entitled to application of the savings clause in § 2255. Second, this Court agrees that the petitioner has failed to make the requisite showing, i.e., that § 2255 cannot provide an adequate and effective remedy.

The Fourth Circuit has explained that § 2255 is inadequate and ineffective to test the legality of a conviction only when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to

be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Below, this Court will apply the *Jones* test to White's two claims of error in turn.

### A.     FSA and § 841(b)(1)

White claims that, in light of the FSA, he "stands convicted of a non-existent offense" in that the penalty provision of § 841(b)(1) no longer covers an offense specifically charging 50 grams or more of cocaine base. This Court disagrees.

Even assuming satisfaction of the first and third elements of *Jones*, there can be no question that the criminal offense to which White pled guilty in 2007 remains criminal today. Compare 21 U.S.C. §§ 841(a)(1) and 846 (2000) with 21 U.S.C. §§ 841(a)(1) and 846 (2012).[1] As such, White cannot satisfy the second element of *Jones* required to demonstrate that § 2255 is an inadequate and ineffective remedy. Thus, White's § 2241 petition is undoubtedly a § 2255 motion improperly filed pursuant to § 2241. Accordingly, White's objections are **OVERRULED** to the extent he claims that he stands convicted of a non-existent offense.

### B.     1996 North Carolina Drug Conviction and § 851

White next claims that, in light of ***Carachuri-Rosendo v. Holder***, — U.S. — , 130 S.Ct. 2577 (U.S. June 14, 2010) and ***United States v. Simmons***, 649 F.3d 237 (4th Cir.

---

[1]In addition, this Court notes that the FSA does not apply retroactively to an offender like White who was sentenced prior to its August 3, 2010, enactment. See ***United States v. Bullard***, 645 F.3d 237, 248 (4th Cir. 2011); ***Dorsey v. United States***, — U.S. — , 132 S.Ct. 2321 (U.S. June 21, 2012).

6

2011), his 1996 North Carolina drug conviction did not involve a predicate felony offense for purposes of § 851 because though the offense carried a maximum sentence of 30 months, he only received a sentence of 8 to 10 months. This Court disagrees.

In *Carachuri*, the Supreme Court held that a federal felony is an offense for which a defendant could have been sentenced to more than one year imprisonment without regard for any possible recidivist enhancements not explicitly relied upon by the sentencing court. See *Carachuri*, 130 S.Ct. at 2586-87. In *Simmons*, the Fourth Circuit applied the interpretative principles of *Carachuri* to hold that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, a court should not look to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history. See *Simmons*, 649 F.3d at 241. However, as one district court recently observed, § 2255 petitions filed after *Carachuri* (June 14, 2010) and before *Simmons* (August 17, 2011) are subject to *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005). See *Mahorn v. United States*, 2012 WL 1253051, *5 (E.D.N.C. Apr. 13, 2012). Before *Simmons*, *Harp* allowed a reviewing court to consider "the maximum *aggravated* sentence that could be imposed for [a particular] crime upon a defendant with the worst possible criminal history." *Harp*, 406 F.3d at 246 (citation omitted) (emphasis in original).

White filed his § 2255 petition before *Carachuri* and *Simmons* on October 15, 2009. Thus, under *Harp*, his 1996 conviction was a felony offense because it carried a maximum

7

aggravated sentence of 30 months.  Though his current petition was filed after **Simmons**, White cannot satisfy the second element of **Jones** required to demonstrate that § 2255 is an inadequate and ineffective remedy because **Simmons** has not been applied retroactively to cases on collateral review.  See **United States v. Neal**, 458 Fed.Appx. 246 (4th Cir. 2011).  In fact, the Fourth Circuit recently held that **Carachuri**, which it applied to reach its decision in **Simmons**, is "a procedural rule" and thus that the decision is "not retroactively applicable to cases on collateral review." **United States v. Powell**, — F.3d — , 2012 WL 3553630, *5 (4th Cir. August 20, 2012) (citation omitted).  The strong implication of **Powell**, therefore, is that **Simmons**, which the Court in **Powell** noted "reinforces this reading of **Carachuri**," is likewise a procedural rule and thus is also not retroactively applicable to cases on collateral review.  See **Id.**  As such, this Court is compelled to find that White's § 2241 petition is a § 2255 motion improperly filed pursuant to § 2241. Accordingly, White's objections are **OVERRULED** to the extent he claims that his 1996 North Carolina drug conviction did not involve a felony offense for purposes of § 851.

## IV.    Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 21]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, petitioner White's Objections **[Doc. 23]** are **OVERRULED**.  Accordingly, respondent O'Brien's Motion to Dismiss or, in the Alternative, for Summary Judgment **[Doc. 12]** is hereby **GRANTED** and White's § 2241 petition **[Doc. 1]**, as filed on the court-approved form **[Doc. 7]**, is hereby **DENIED** and

**DISMISSED WITH PREJUDICE**.  As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and strike this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** White a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: August 21, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE